Turley, J.
delivered the opinion of the court.
This is an action of debt against Patrick McGuire, to charge him as a partner of David Looney & Co., upon a note for $2452. This note is payable to William H. Blanton, adm’r, and is signed “F. McGuire, David Looney & Co. security, A. O. Harris, security.” McGuire pleads non est factum.. The proof shows, that David Looney signed the name of David Looney & Co. to the note, as security of F. McGuire, and there is an entire absence of proof as to Patrick McGuire’s actual knowledge of, or assent thereto. There is proof that the endorsement of the name of David Looney &Co. was frequently on notes and bills for Chaffin, Kirk & Co., Mays & Frierson, and other merchants; but whether these endorsements were real or accommodation, does not appear.
The court charged the jury, that David Looney, as a member of the firm, would not be authorized to sign the firm name of David Looney & Co., as security for third.persons, so as to bind co-partners, unless he were in the habit of using the firm name by way of accommodation endorsements or securities, with the knowledge of his co-partners. That the jury might infer from such a habit, a knowledge and acquiescence on the part of his co-partners. That if the jury believed that the ha *362 bit of accommodation endorse ment by David Looney, in the name of the firm, was confined to some few mercantile houses, by arrangement made by him with those houses, and defendant, Patrick McGuire, acquiesced in 'that habit as to those houses, that would be sufficient for the jury to infer a general authority to use the firm name in accommodation endorsements or securities, unless this special authority with the few houses was made public, or the party taking the note, knew at the time that the authority to endorse for the accommodation of others, was limited to these few houses. And if David Looney had been in the habit of making accommodation endorsements with the consent of McGuire, they would be authorized to infer therefrom the authority to sign the firm name on the face of the note.
This charge is certainly erroneous, and the verdict rendered ought to have been set aside and a new trial granted. Proof that David Looney was in the habit of making accommodation endorsements in the name of the firm, with McGuire’s knowledge would not authorize him to sign the firm name as a security in the face of the note; because the liability treated thereby, are of an entirely different character, and of greater responsibility. An endorser is collaterally bound, and if the bill or note be not paid at maturity, is entitled to notice of its dishonor. As security in the face of the note, he is directly bound, and entitled to no notice, if the principal do not pay the debt. As an endorser the statute of limitations of three years protects him, as this court has decided, that no action of debt will lie upon his undertaking. As a security in the face of the note six years must elapse before the statute of limitations can bar a recovery against him, as an action of debt will lie upon the contract. Surely greater authority cannot be claimed under an implied power, than under the same, if express. If McG uire had given Looney a power of attorney, authorizing him to use the firm name in accommodation endorsements of notes or bills, no one would, as we apprehend, contend that the use of the name as a security in the face of the note, would be a legitimate execution of the power. Powers are strictly construed,, and *363 any attempt on the part of the attorney in fact or agent, to create a greater liability than the power warrants, is void.
.NOTE. — See Sajfarans vs. State Banl^ 3 Hump.
But again: there is no proof showing how, or for what purpose, the endorsements of David Looney & Co. on the notes of Chaffin, Kirk & Co. and others were made; whether by the express or implied consent of the firm; whether by Looney or McGuire, or both; or whether they were real or accommotion.
The testimony, then, did not warrant the inference drawn by the jury.
We, therefore, reverse the judgment of the Court below, and remand the case for a new trial.